**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SOLARIS ENERGY INFRASTRUCTURE, LLC, AND SOLARIS ENERGY CAPITAL, LLC** | § § § § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO.** _____ |
| **v.** | § § | |
| **SOLARIS ASSETS, LLC,** | § § | |
| *Defendant*. | § § | |
| | § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT

Solaris Energy Infrastructure, LLC and Solaris Energy Capital, LLC ("Solaris Energy" or "Plaintiffs"), Plaintiffs in the above-captioned civil action, complain of the following causes of action against Defendant Solaris Assets, LLC ("Defendant") and alleges as follows:

## SUMMARY

1.      This is an action for federal trademark infringement, false designation of origin, common-law trademark infringement, trade name infringement, and unfair competition arising from Defendant's unauthorized use of the SOLARIS name and confusingly similar branding in connection with Defendant's business operations.

2.      Solaris Energy owns valid federal and common-law trademark rights in the SOLARIS mark and has continuously used the SOLARIS name in commerce throughout Texas and the United States since at least 2014.

3.      Despite Solaris Energy's prior and superior rights, Defendant adopted and continues to use the name "Solaris Assets, LLC" and related branding in connection with its business activities.

4.      Defendant's conduct has created substantial actual confusion in the marketplace. Solaris Energy has documented more than thirty-five (35) instances of actual confusion, including misdirected emails, website inquiries, and telephone communications from consumers and other members of the public who mistakenly believed Solaris Energy was affiliated with Defendant.

5.      The confusion substantially increased after Defendant's association with and/or acquisition of interests in Sunnova Energy and related operations, resulting in a significant increase in communications intended for Defendant being directed to Solaris Energy.

6.      Defendant received written notice of Solaris Energy's trademark rights and the marketplace confusion caused by its conduct but has continued using the SOLARIS name and related branding

7.      As a result of Defendant's conduct, Solaris Energy has suffered damages, including injury to goodwill, reputational harm, loss of control over its brand identity, and other monetary damages. Unless enjoined, Defendant's conduct will continue to cause irreparable injury for which there is no adequate remedy at law.

8.      Solaris Energy seeks temporary, preliminary, and permanent injunctive relief, actual damages, disgorgement of Defendant's profits, enhanced damages where authorized by law, attorneys' fees, costs, and all other relief available under federal and Texas law.

## PARTIES

9.      Plaintiff Solaris Energy Infrastructure, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas.[1]

---

[1] Plaintiff Solaris Energy Infrastructure, LLC was formerly known as Solaris Oilfield Infrastructure, LLC. The company subsequently changed its name but remains the same legal entity. Accordingly, references to Solaris Oilfield Infrastructure, LLC in historical documents and records refer to Solaris Energy Infrastructure, LLC.

10.    Plaintiff Solaris Energy Capital, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas.

11.    Defendant Solaris Assets, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California, and can be served through its registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

12.    This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a).

13.    This Court has original jurisdiction over Solaris Energy's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121.

14.    This Court has supplemental jurisdiction over Solaris Energy's Texas common-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Solaris Energy's federal claims.

15.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed business activities toward Texas, conducted business in Texas, used the SOLARIS name in connection with goods and services offered in Texas, and caused injury to Solaris Energy in Texas.

16.    Defendant has marketed and offered goods and services throughout the United States, including Texas, and the claims asserted herein arise directly from those contacts.

17.    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Solaris Energy's claims occurred in this District and because Solaris Energy suffered injury in this District.

**NATURE OF THE ACTION (FACTS)**

18.     Solaris Energy is a provider of services and products in the energy, construction, transportation, storage, and industrial service industries.

19.     Since at least 2014, Solaris Energy has continuously used the SOLARIS name and related marks in connection with its business operations throughout Texas and the United States. Through that extensive and continuous use, Solaris Energy has developed valuable goodwill and strong consumer recognition associated with the SOLARIS name.

20.     Solaris Energy owns United States Trademark Registration No. 4,869,749 for the mark SOLARIS OILFIELD INFRASTRUCTURE. The registration is valid, subsisting, and provides Solaris Energy with nationwide trademark rights and protections under federal law.

21.     In addition to its registered rights, Solaris Energy has acquired substantial common-law trademark rights in the SOLARIS name through more than a decade of continuous commercial use, advertising, marketing, and promotion throughout the United States.

22.     As a result of Solaris Energy's longstanding use of the SOLARIS mark, consumers, customers, and industry participants have come to associate the SOLARIS name exclusively with Solaris Energy and its goods and services.

**Defendant's Adoption and Use of the Solaris Name**

23.     Upon information and belief, Defendant adopted and began using the name "Solaris Assets, LLC" and related branding after Solaris Energy had already established and acquired substantial rights in the SOLARIS mark.

24.     Defendant uses the term "Solaris" as the dominant and most distinctive portion of its business name and branding.

25.    Defendant's use of the SOLARIS name occurs in connection with products and services offered within the energy industry, including products and services marketed and provided throughout the United States and within Texas.

26.    Defendant adopted and continues to use the SOLARIS name despite Solaris Energy's preexisting trademark rights and despite the significant likelihood that consumers will mistakenly believe Defendant is affiliated with, sponsored by, endorsed by, or otherwise connected to Solaris Energy.

**Actual Consumer Confusion**

27.    Defendant's use of the SOLARIS name has caused substantial and ongoing actual confusion in the marketplace.

28.    Beginning in late 2025, and particularly following Defendant's association with and/or acquisition of interests in Sunnova Energy, confusion between Solaris Energy and Defendant materially increased. As a result, Solaris Energy began receiving communications intended for Defendant.

29.    Solaris Energy has documented at least sixteen (16) emails concerning Sunnova products and services that were mistakenly directed to Solaris Energy instead of Defendant.

30.    Solaris Energy has also documented at least eighteen (18) customer inquiries submitted through Solaris Energy's website contact form that were intended for Defendant.

31.    In another instance of actual confusion, Solaris Energy received a telephone call threatening litigation based on complaints concerning products and services associated with Defendant.

32.     In total, Solaris Energy has documented more than thirty-five (35) instances of actual confusion in which consumers, customers, or customer representatives mistakenly believed Solaris Energy was Defendant or was affiliated with Defendant.

33.     The confusion caused by Defendant's actions is not isolated or accidental. Rather, it demonstrates that consumers encountering Defendant's use of the SOLARIS name are likely to believe the parties are affiliated, associated, sponsored, or otherwise connected.

34.     Upon information and belief, Defendant acquired and/or became associated with Sunnova Energy and its related operations in or around October 2025.

35.     Following that transaction, confusion between Solaris Energy and Defendant increased significantly. Solaris Energy began receiving communications, inquiries, complaints, and correspondence intended for Defendant and/or Sunnova-related operations.

36.     Beginning in late 2025, Solaris Energy experienced a substantial increase in misdirected communications from individuals who mistakenly believed Solaris Energy was affiliated with, owned, controlled, sponsored, or endorsed Defendant, Sunnova, or their products and services.

37.     The timing and volume of the confusion demonstrate a direct relationship between Defendant's use of the SOLARIS name in connection with Sunnova-related operations and the marketplace confusion experienced by Solaris Energy.

38.     Consumers, customers, prospective customers, and other members of the public have repeatedly mistaken Solaris Energy for Defendant, resulting in communications regarding products, services, warranties, customer-service issues, account matters, and legal disputes that had no connection whatsoever to Solaris Energy.

39.     The confusion has occurred through multiple channels, including electronic mail, website inquiries, telephone communications, and other forms of consumer contact. Solaris Energy has documented more than thirty-five instances of actual confusion, including at least sixteen misdirected emails, at least eighteen website inquiries, and a telephone call threatening litigation concerning matters unrelated to Solaris Energy.

40.     The extent and persistence of this actual confusion provide compelling evidence that Defendant's use of the SOLARIS name is likely to cause, and has caused, confusion, mistake, and deception regarding the source, sponsorship, affiliation, approval, or endorsement of Defendant's goods and services and as to whether Defendant and Solaris Energy are affiliated, associated, or otherwise connected.

### Defendant's Willful Misconduct and Resulting Harm

41.     Defendant has used the SOLARIS name and confusingly similar branding in connection with the advertising, promotion, offering for sale, and provision of its goods and services throughout the United States, including in Texas.

42.     Such use has occurred without Solaris Energy's consent and despite Solaris Energy's prior and superior rights in the SOLARIS mark.

43.     Defendant's use of the SOLARIS name is identical to the dominant and distinctive portion of Solaris Energy's trade name and branding and is likely to cause confusion, mistake, or deception as to affiliation, sponsorship, endorsement, association, or origin.

44.     Defendant's conduct has already caused actual confusion in the marketplace. Consumers, customers, prospective customers, and other members of the public, have mistaken Defendant and its operations for Solaris Energy, and vice versa.

45.     Defendant's conduct has damaged and continues to damage Solaris Energy's valuable goodwill, business reputation, brand recognition, and consumer trust that Solaris Energy developed through years of investment, marketing, and commercial success.

46.     On May 7, 2026, Solaris Energy provided Defendant with written notice of Solaris Energy's rights, the extensive marketplace confusion already occurring, and Defendant's infringing conduct. The cease-and-desist correspondence further advised Defendant that continued use of the infringing name would violate Solaris Energy's state and federal rights and would be considered deliberate and willful infringement.

47.     Despite receiving actual notice of Solaris Energy's rights and the substantial confusion caused by Defendant's conduct, Defendant has continued its unauthorized use of the SOLARIS name and confusingly similar branding.

48.     Defendant's continued conduct after notice demonstrates willful, intentional, knowing, and reckless disregard of Solaris Energy's trademark and unfair-competition rights and constitutes willful infringement under federal and state law.

49.     Unless restrained by this Court, Defendant will continue to use the infringing name, marks, and confusingly similar branding, causing ongoing consumer confusion and further injury to Solaris Energy.

50.     Solaris Energy has no adequate remedy at law for the ongoing loss of control over its reputation, goodwill, customer relationships, and brand identity.

51.     Defendant's unauthorized conduct has caused Solaris Energy substantial damages, including damage to goodwill, loss of business opportunities, loss of control over its reputation and brand identity, corrective-expense damages, reputational harm, and other monetary injuries in an amount to be proven at trial.

52.     Defendant has derived, and continues to derive, revenues, benefits, and profits from its infringing conduct. Solaris Energy is therefore entitled to recover its damages, Defendant's profits attributable to the infringing conduct, enhanced damages where authorized by law, attorney's fees, costs, and all other relief available under the Lanham Act and applicable state law.

53.     Because Defendant's conduct is ongoing and has resulted in documented instances of actual consumer confusion, Solaris Energy is entitled to temporary, preliminary, and permanent injunctive relief prohibiting Defendant from any further use of the SOLARIS name, any confusingly similar designation, and any other infringing mark, trade name, branding, or commercial identifier. Absent injunctive relief, Solaris Energy will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Trademark Infringement Under the Lanham Act)

54.     Solaris Energy incorporates the foregoing paragraphs as if fully set forth herein.

55.     Solaris Energy is the owner of valid, subsisting, and protectable trademark rights in the registered mark SOLARIS OILFIELD INFRASTRUCTURE, United States Trademark Registration No. 4,869,749.

56.      Solaris Energy has continuously used the SOLARIS mark in commerce throughout the United States since at least 2014.

57.     Through its longstanding and continuous use of the SOLARIS mark, Solaris Energy has developed substantial goodwill, recognition, and valuable trademark rights associated with the mark.

58.     The SOLARIS mark is distinctive, valid, protectable, and entitled to protection under the Lanham Act.

59.    Defendant has used and continues to use the SOLARIS name and confusingly similar branding in commerce in connection with the advertising, promotion, offering for sale, sale, and provision of goods and services.

60.    Defendant's use of the name "Solaris Assets, LLC" incorporates the dominant and distinctive portion of Solaris Energy's registered mark, namely the term "SOLARIS."

61.    Defendant adopted and commenced use of the SOLARIS name after Solaris Energy had established priority of use and acquired protectable rights in its federally registered mark.

62.    Defendant's use of the SOLARIS name is likely to cause confusion, mistake, or deception with Solaris Energy's registered SOLARIS OILFIELD INFRASTRUCTURE work.

63.    Defendant has used the SOLARIS name without Solaris Energy's authorization, consent, or license.

64.    On May 7, 2026, Solaris Energy provided Defendant with written notice of its trademark rights and demanded that Defendant cease and desist its unauthorized use of the SOLARIS name.

65.    Defendant's continued use of the SOLARIS name following notice constitutes willful, intentional, and knowing infringement of Solaris Energy's federally registered trademark rights.

66.    Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

67.    As a direct and proximate result of Defendant's infringement, Solaris Energy has suffered and continues to suffer damages, including damage to goodwill, loss of control over its reputation and brand identity, lost business opportunities, and other monetary damages in an amount to be determined at trial.

68.    Defendant's conduct has caused and will continue to cause immediate and irreparable harm to Solaris Energy unless enjoined by this Court.

69.    Pursuant to 15 U.S.C. §§ 1116 and 1117, Solaris Energy is entitled to temporary, preliminary, and permanent injunctive relief, recovery of its actual damages, Defendant's profits attributable to the infringing conduct, enhanced damages as permitted by law, attorneys' fees, costs of court, pre- and post-judgment interest, and all other relief the Court deems just and proper.

## Second Cause of Action
(False Designation of Origin, False Association, and Unfair Competition)

70.    Solaris Energy incorporates the foregoing paragraphs as if fully set forth herein.

71.    Through its longstanding and continuous use of the SOLARIS mark, Solaris Energy has developed substantial goodwill, recognition, and valuable common-law rights in the SOLARIS name and mark.

72.    Consumers, customers, and industry participants associate the SOLARIS mark with Solaris Energy and Solaris Energy's goods and services.

73.    Defendant has used and continues to use the SOLARIS name and confusingly similar branding in commerce in connection with the advertising, promotion, offering for sale, sale, and provision of goods and services in the energy industry and related markets.

74.    Defendant's use of the SOLARIS name falsely suggests that Defendant is affiliated, connected, sponsored, endorsed, approved by, or otherwise associated with Solaris Energy.

75.    Defendant's use of the SOLARIS name is likely to cause confusion, mistake, or deception among consumers and the public as to the source, sponsorship, affiliation, connection, endorsement, approval, or origin of Defendant's goods and services.

76.    Defendant's use of the SOLARIS name has, in fact, caused actual confusion in the marketplace.

77.     Solaris Energy has documented more than thirty-five (35) instances of actual confusion, including misdirected emails, website inquiries, and telephone communications from individuals who mistakenly believed Solaris Energy was affiliated with, connected to, or responsible for Defendant and its operations.

78.     The documented instances of actual confusion constitute strong evidence that consumers are likely to be confused regarding the affiliation, association, sponsorship, approval, endorsement, source, and origin of Defendant's goods and services.

79.     Defendant's unauthorized use of the SOLARIS name has impaired Solaris Energy's ability to control its reputation, goodwill, and brand identity and has caused Solaris Energy reputational injury and other damages.

80.     Upon information and belief, Defendant has derived revenues, benefits, and profits from their unauthorized use of the SOLARIS name and the goodwill associated with Solaris Energy's mark.

81.     Despite receiving notice of Solaris Energy's rights and the marketplace confusion caused by its conduct, Defendant has continued its unauthorized use of the SOLARIS name. Defendant's conduct constitutes false designation of origin, false association, and unfair competition in violation of 15 U.S.C. § 1125(a).

82.     As a direct and proximate result of Defendant's unlawful conduct, Solaris Energy has suffered and continues to suffer damages, including damage to goodwill, reputational injury, loss of control over its brand and business identity, lost business opportunities, and other monetary damages in an amount to be determined at trial.

83.     Defendant's conduct has caused and will continue to cause immediate and irreparable harm to Solaris Energy unless enjoined by this Court.

84. Pursuant to 15 U.S.C. §§ 1116 and 1117, Solaris Energy is entitled to temporary, preliminary, and permanent injunctive relief, recovery of its actual damages, Defendant's profits attributable to the unlawful conduct, attorneys' fees, costs of court, pre- and post-judgment interest, and all other relief the Court deems just and proper.

**Third Cause of Action**
(Texas Common-Law Trademark Infringement and Trade Name Infringement)

85. Solaris Energy incorporates the foregoing paragraphs as if fully set forth herein.

86. Under Texas law, protectable trademark and trade-name rights arise through use, and unauthorized use of a confusingly similar mark constitutes trademark and trade-name infringement.

87. Solaris Energy possesses valid and protectable common-law rights in the SOLARIS name and mark arising from its continuous use in commerce since at least 2014 in connection with energy, construction, transportation, storage, and industrial services throughout Texas and the United States.

88. Through more than a decade of continuous use, promotion, advertising, and commercial activity, the SOLARIS name and mark have acquired substantial goodwill, recognition, and distinctiveness in the marketplace and serve to identify Solaris Energy as the source of its goods and services.

89. The SOLARIS name and mark are entitled to protection under Texas common law.

90. Solaris Energy is the senior user of the SOLARIS name and mark and established rights in the SOLARIS name and mark long before Defendant adopted and commenced use of the name "Solaris Assets, LLC" and related branding.

91. Defendant uses the term "SOLARIS" as the dominant, distinctive, and identifying portion of their business name and branding.

92.     Defendant's use of the SOLARIS name is confusingly similar to Solaris Energy's SOLARIS mark and trade name and is likely to cause confusion, mistake, or deception regarding the source, sponsorship, affiliation, endorsement, association, approval, or origin of Defendant's goods and services.

93.     The likelihood of confusion is particularly acute because Solaris Energy and Defendant both operate in the energy industry and market goods and services to overlapping consumers and commercial participants through similar channels of trade.

94.     Defendant's conduct has already resulted in actual marketplace confusion. Solaris Energy has documented more than thirty-five (35) instances of actual confusion, including misdirected emails, customer inquiries submitted through Solaris Energy 's website, and telephone communications from individuals who mistakenly believed Solaris Energy was affiliated with, associated with, or responsible for Defendant and its operations.

95.     Beginning in late 2025, and particularly following Defendant's association with Sunnova-related operations, the volume and frequency of actual confusion increased substantially, further demonstrating the likelihood of confusion between Solaris Energy's SOLARIS mark and Defendant's use of the SOLARIS name.

96.     Defendant's use of the SOLARIS name has caused and continues to cause injury to Solaris Energy's goodwill, business reputation, brand recognition, customer relationships, and ability to control the quality and reputation associated with the SOLARIS name.

97.     On May 7, 2026, Solaris Energy provided Defendant with written notice of its trademark rights, the actual confusion occurring in the marketplace, and Defendant's infringing conduct and demanded that Defendant cease and desist further use of the SOLARIS name.

98.     Despite receiving notice of Solaris Energy's rights and the substantial consumer confusion caused by its conduct, Defendant has continued to use the SOLARIS name and confusingly similar branding in commerce.

99.     Defendant's continued use of the SOLARIS name following notice demonstrates willful, intentional, and knowing disregard of Solaris Energy's rights and supports a finding that Defendant acted in bad faith.

100.    Defendant's conduct constitutes common-law trademark infringement and trade name infringement under Texas law.

101.    As a direct and proximate result of Defendant's infringement, Solaris Energy has suffered damages, including injury to goodwill, loss of business opportunities, loss of control over its reputation and brand identity, corrective-expense damages, reputational harm, and other monetary damages in amounts to be determined at trial.

102.    Solaris Energy has no adequate remedy at law for the continuing loss of goodwill, customer confidence, business reputation, and control over the SOLARIS name and mark.

103.    Unless restrained by this Court, Defendant will continue to use the SOLARIS name and confusingly similar branding, resulting in ongoing consumer confusion and irreparable harm to Solaris Energy.

104.    Solaris Energy is therefore entitled to temporary, preliminary, and permanent injunctive relief, together with all damages, disgorgement, costs, attorneys' fees where recoverable, and such other relief as the Court deems just and proper.

### Fourth Cause of Action
### (Common-Law Unfair Competition Under Texas Law)

105.    Solaris Energy incorporates the foregoing paragraphs as if fully set forth herein.

106.   Texas recognizes unfair competition through the misappropriation or exploitation of another's labor, skill, reputation, or goodwill and where the defendant's conduct is otherwise independently actionable.

107.   Although unfair competition is not a standalone tort, Texas law recognizes a claim for unfair competition when a defendant commits an independent tort or other unlawful conduct that causes commercial injury.

108.   As alleged herein, Defendant has engaged in wrongful and unlawful conduct, including trademark infringement, trade name infringement, false designation of origin, and related acts of unfair competition through its unauthorized use of the SOLARIS name and confusingly similar branding.

109.   Defendant adopted and used the name "Solaris Assets, LLC" and the SOLARIS designation despite Solaris Energy's prior and superior rights in the SOLARIS mark and trade name.

110.   Defendant's conduct has resulted in actual consumer confusion in the marketplace, including numerous misdirected emails, website inquiries, and telephone communications that were intended for Defendant but instead were directed to Solaris Energy.

111.   Defendant's conduct has caused consumers, customers, prospective customers, and members of the public to mistakenly believe that Defendant is affiliated with, endorsed by, sponsored by, connected with, or otherwise associated with Solaris Energy.

112.   By appropriating the goodwill associated with Solaris Energy's SOLARIS name and brand, Defendant has improperly obtained commercial benefits to which it is not entitled.

113.   Defendant's acts constitute unfair competition under Texas common law because they are based upon and derive from the unlawful and tortious conduct alleged in this Complaint.

114.    Defendant's conduct has damaged and continues to damage Solaris Energy's business reputation, goodwill, customer relationships, and ability to control the reputation and quality associated with the SOLARIS name.

115.    Defendant has received actual notice of Solaris Energy's rights and the marketplace confusion caused by their conduct yet have continued its unauthorized use of the SOLARIS designation.

116.    As a direct and proximate result of Defendant's unfair competition, Solaris Energy has suffered damages, including injury to goodwill, reputational harm, loss of business opportunities, corrective advertising and mitigation expenses, loss of control over its brand identity, and other damages in amounts to be determined at trial.

117.    Unless restrained by this Court, Defendant will continue to engage in acts constituting unfair competition, resulting in continuing and irreparable injury to Solaris Energy for which there is no adequate remedy at law.

118.    Solaris Energy is therefore entitled to recover all available damages, disgorgement of Defendant's profits, injunctive relief, costs, and all other relief available under Texas law.

## JURY TRIAL

119.    Solaris Energy hereby demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Solaris Energy respectfully requests as follows:

a.    A preliminary and permanent injunction prohibiting Defendant from using Solaris Energy's trade name, trademarks, and confusingly similar branding;

b.     An order requiring Defendant to cease all use of the SOLARIS name and any confusingly similar designation and remove all infringing branding, advertising, and marketing materials from all platforms;

c.     Disgorgement of Defendant's profits;

e.     Actual damages;

d.     That the Court award actual damages, disgorgement of Defendant's profits, costs of suit, attorneys' fees under 15 U.S.C. § 1117, prejudgment interest, post-judgment interest, and all other relief available under federal and Texas law; and

e.     That the Court award such other and further relief to which Solaris Energy may be justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

**WINSTEAD PC**


By: */s/ Tom Van Arsdel*
    Tom Van Arsdel
    State Bar No. 24008196
    tvanarsdel@winstead.com
    Ciara Perritano
    State Bar No. 24096440
    cperritano@winstead.com
    **WINSTEAD PC**
    600 Travis, Suite 5200
    Houston, Texas 77002
    (713) 650-8400
    (713) 650-2400 (Fax)

**ATTORNEYS FOR PLAINTIFFS**